UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BENJAMIN ESPINOSA,

Plaintiff,

v.

FILSON, *et al.*,

Defendants.

Case No. 3:18-cv-00298-MMD-VPC

ORDER

The Court screened Plaintiff Benjamin Espinosa's 42 U.S.C. § 1983 civil rights complaint under 28 U.S.C. § 1915A, and directed Defendants to respond to Plaintiff's motion for temporary restraining order/preliminary injunction ("TRO Motion"). (ECF No. 3; *see* ECF No. 1-2.) The TRO Motion stems from Plaintiff's claim of an Eighth Amendment violation based on deliberate indifference to his "serious medical (mental health) need." (ECF Nos. 1-1, 1-2.) The Court has reviewed Defendants' response and proffered exhibits (ECF Nos. 8, 12), and considered the arguments presented at the August 13, 2018 hearing regarding the TRO Motion.

Plaintiff alleges that he is at risk of suicide due to the suicide deaths of his loved ones, and that Defendants have denied him treatment for depression. (ECF No. 1-2 at 3.) Plaintiff had previously been on prescribed anti-depressants—most recently Zoloft, which effectively addressed his depression—but in June 2017, he reported that he no longer needed the Zoloft because his "situation resolved." (ECF No. 12-3 (sealed).)

Plaintiff made the request to discontinue Zoloft after he was transferred from Lovelock Correctional Center ("Lovelock") to Ely State Prison ("ESP"). (ECF No. 1-2 at 2.) Plaintiff states "soon after [the request to discontinue] he requested to continue taking his 'zoloft'" (*id.*) because he became depressed and was experiencing suicidal thoughts (*id.* at 3).

In December 2017, along with the entire mental health unit, Plaintiff was given a DSM-V test consisting of nearly 456 questions. (ECF No. 1-1 at 10.) Plaintiff was informed that his test results showed that he over-exaggerated his depression. (*Id.*) Plaintiff asserts that the examiner had never spoken to Plaintiff before, and made a judgment about Plaintiff's depression based solely on the test results, in violation of appropriate psychological diagnosing practices. (*Id.*) Due to his depression and irritability, Plaintiff informed Defendants that he feared he might kill himself as his mother, brother, and best friend had done. (*Id.* at 11.) Plaintiff subsequently attempted suicide while he was in infirmary under mental health observation. (*Id.*)

Plaintiff requests that the Court orders Defendants to renew his treatment with Zoloft, and provide an outside consultation with an unbiased, certified, and trained psychologist and psychiatrist to formulate a depression treatment plan for Plaintiff beyond medication. (ECF No. 1-2 at 6.) Defendants responded to Plaintiff's TRO Motion arguing that Plaintiff has received proper treatment and thus cannot demonstrate an imminent threat of irreparable harm necessary to justify injunctive relief. (ECF No. 8.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am.Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further

///

than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court hereby finds that:

1. Plaintiff has established that he is likely to succeed on the merits of his Eighth Amendment deliberate indifference claim. The medical records before the Court evidences that for at least two years while Plaintiff was housed at Lovelock he was evaluated and treated for his mental health disorder, including consultation with a psychologist and treatment with Zoloft, but after numerous requests he has not been provided with the previously prescribed medication since he transferred to ESP. While Defendants highlight that they provided Plaintiff with a psychological "evaluation," Plaintiff challenges the validity of the evaluation, contending that he was only provided a test generally given, and there was in fact no individualized evaluation to account for his specific conditions and circumstances. The Court concludes the "testing/evaluation" documented in the record does not suffice to establish that an individualized evaluation was performed. Nor has it been shown that Defendants have properly treated or addressed Plaintiff's mental health disorder, particularly given the history of treatment provided before Plaintiff's transfer to ESP;

2. Plaintiff further has shown that he is likely to suffer irreparable harm in the absence of preliminary relief because without treatment Plaintiff's depressive symptoms and suicidal thoughts could culminate in self-harm or harm to others;

3. Plaintiff has therefore adequately established that the balance of equities tips in his favor because the risk to Plaintiff in the absent of the requested relief greatly outweighs any costs to Defendants;

4. Finally, Plaintiff has proven that preliminary injunction is in the public's interest because the public has an interest in protecting an incarcerated individual's mental soundness, life, and constitutional liberty interests.

It is therefore ordered that:

///

A. Plaintiff's motion for temporary restraining order/preliminary injunction (ECF No. 1-2) is granted;

B. Because preliminary injunctive relief must be "narrowly drawn" under the PLRA, the Court finds it appropriate to order that Defendants must provide Plaintiff with an individualized mental health evaluation;

C. The evaluation must be performed by a provider who is not a named defendant in this lawsuit and must occur within 30 days of this Order;

D. The parties must comply with the provider's evaluations and recommendations; and

E. The parties are to file a joint status report by October 2, 2018, to update the Court on the parties' compliance with this Order.

DATED THIS 13th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE