UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BENJAMIN W. ESPINOSA,

Plaintiff

v.

FILSON, *et al.*,

Defendants.

Case No. 3:18-cv-00298-MMD-CBC

ORDER ON MOTION FOR RECONSIDERATION (ECF No. 49)

## I. DISCUSSION

On May 6, 2019, this Court issued a screening order on the first amended complaint ("FAC"). (ECF No. 46). On May 10, 2019, Plaintiff filed an objection to the order which the Court construes as a motion for reconsideration. (ECF No. 49). Plaintiff "objects" to the Court's screening of the equal protection and due process claims in Count II, Nevada constitutional claim in Count IV, Nevada Revised Statutes claim against Dzurenda in Count V, and the denial of the motion for appointment of counsel. (*Id.* at 2-6.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court denies the motion in part and grants the motion in part. All arguments with the exception of Count V and Dzurenda are denied. The Court grants the motion for reconsideration with respect to Count V and Dzurenda. Plaintiff argues that he is only suing Dzurenda in his official capacity for injunctive relief. (ECF No. 49 at 5–6). Upon review of the FAC, it is clear that Plaintiff is suing prison officials for prospective relief as to his mental health treatment in prison and the use of restraints on mentally ill inmates. (ECF No. 47 at 23–24); *see K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015). As such, Count V may proceed against Dzurenda for prospective injunctive relief under the NRS § 209 claims.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 49) is granted in part and denied in part.

It is further ordered that the FAC's Count V will proceed against Defendant Dzurenda for prospective injunctive relief under the NRS § 209 claims for screening purposes.

DATED THIS 18th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE