UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENJAMIN W. ESPINOSA,<br><br>                       Plaintiff<br>    v.<br>FILSON, *et al.*,<br><br>                      Defendants. | Case No. 3:18-cv-00298-MMD-CLB<br><br>ORDER |

Plaintiff Benjamin W. Espinosa, who is a person in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights case under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Carla L. Baldwin, recommending that the Court grant Defendants' motion to dismiss Count V [1] of Espinosa's First Amended Complaint ("FAC") ("Motion") (ECF Nos. 47, 82). (ECF No. 103.) Any objection to the R&R was due on March 18, 2020 (*id.*), but to date none has been filed. The Court will accept the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes

---

[1]"Defendants" collectively refers to those who have filed the Motion: Michelle Clay, Gloria Carpenter, James Dzurenda, Michele Ewing, Scott Mattinson, William Reubart, Gail Holmes and Romeo Aranas. (ECF No. 82 at 1.) However, the Court notes that only those against whom Count V is asserted, *see infra*, has standing as to the count.

(1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Despite the lack of an objection, the Court conducts de novo review to determine whether to accept the R&R and ultimately finds the R&R should be accepted.[2]

As relevant here, upon screening the Court permitted the NRS Chapter 433 claims Espinosa asserted in Count V to proceed against Defendants Dzurenda, Aranas, and Filson.[3] (ECF No. 46 at 13, 18.) The other claims asserted in Count V were dismissed. (*Id.*) In the R&R, Judge Baldwin recommends granting the Motion, finding that Chapter 433 is inapplicable to Espinosa and NDOC (and by extension Ely State Prison—which is the pertinent institution in this matter). To be clear, all relevant Defendants at all pertinent times were employed by NDOC. Judge Baldwin determined that dismissal is proper specifically because: NDOC is not a public or private institution or facility to which NRS Chapter 433 applies; the chapter does not provide for a private cause of action; and because Espinosa is not a "consumer" entitled to protection under the chapter. (ECF No. 103 at 5–8.) After reviewing the applicable provisions (*see, e.g.*, NRS §§ 433.014, 433.024, 433.047, 433.064, 433.084, 433.144, 433.233, 433.534, 433.554, 433.554(5)(b)), the Court finds in accordance with Judge Baldwin and will therefore accept the R&R in full.[4]

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 103) is accepted and adopted in full.

///

///

---

[2]The Court also accepts and adopts the relevant factual and procedural background as set forth in the R&R. (*See* ECF No. 103 at 1–4.)

[3]It appears that Filson has not been served in this action. (*See* ECF Nos. 72, 79.)

[4]As also noted in the R&R, Espinosa did not file points and authority responsive to the Motion. (ECF No. 103 at 1, 4; *see also generally* docket.) Thus, in addition to Judge Baldwin's findings in the R&R, the Court finds that dismissal of Count V is appropriate under Local Rule 7.2. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney[s'] fees, constitutes a consent to the granting of the motion.").

It is further ordered that Defendants' motion to dismiss Count V of the FAC (ECF No. 82) is granted as provided herein. Count V is dismissed with regard to all relevant Defendants, including Timothy Filson who has not been served in this matter and is therefore not a party to the motion to dismiss.

DATED THIS 24th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE